UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD L. SYKES,

           Plaintiff,

v.                                             Case No. 3:06-cv-783-J-20TEM

JUDGE WILLIAM A. WILKES,

           Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, mailed a pleading entitled "This Motion a Complaint is for the United States Attorney" (Doc. #1) (hereinafter Complaint) to "The United States Attorney['s] Office[,] Clerk of the Court"[1] on August 25, 2006. Because the style of the pleading states, in pertinent part, "United State[s] District Court Middle District of Florida," the United State's Attorney's Office forwarded the Complaint to this Court. This Court construes the Complaint as a prisoner civil rights action because Plaintiff contends that the sole Defendant, the Honorable William A. Wilkes, violated Plaintiff's constitutional rights when he presided over Plaintiff's criminal case in state court. Plaintiff "is asking this Court for emergency suspension of Judge Wilkes[.]" Complaint at 8. He also requests that Judge Wilkes be impeached. Id. at 10.

---

[1] The envelope containing the Complaint has been placed on the left side of the case file.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to screen Plaintiff's case to determine whether the Complaint should be dismissed on the basis that it is frivolous or malicious, it fails to state claim upon which relief may be granted, or it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(A).[2]

The Court notes that judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Plaintiff challenges the actions taken by the Defendant while he was conducting judicial proceedings, it is clear he is absolutely immune from suit in performing these judicial responsibilities. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), cert. denied, 503 U.S. 921 (1992). Thus, insofar as Plaintiff may be seeking

---

[2] Plaintiff has not filed a request to proceed as a pauper, nor has he paid the $350.00 filing fee. The Court notes that § 1915A authorizes the screening and dismissal of prisoner lawsuits regardless of the prisoner litigant's fee status. See Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000) ("this court joins the Second, Fifth, Sixth, and Seventh Circuits in holding that § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee").

monetary damages against the Defendant, it is clear the Defendant is immune from such relief.

Furthermore, even if Plaintiff does not seek monetary damages against the Defendant, it is not within this Court's jurisdiction to grant the specific relief requested in the Complaint. Clearly, this Court does not have the power to suspend or impeach a state court judge. Thus, Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, this case will be dismissed pursuant to 28 U.S.C. § 1915(A).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7 day of September, 2006.

_____
UNITED STATES DISTRICT JUDGE

ps 9/6
c:
Donald L. Sykes